IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Terry H. Capone,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>City of Columbia,<br><br>　　　　Defendant. | C/A. No. 3:12-cv-03369-CMC<br><br>**Opinion and Order on<br>Plaintiff's Motion to Vacate and<br>Amended Motion to Vacate<br>ECF Nos. 55, 59** |

This matter is before the court on Plaintiff's "Motion to Vacate/Set Aside a Void Summary Judgment for Fraud Upon [t]he Court" and an amended motion seeking the same relief on expanded grounds. ECF No. 55 ("Original Motion" filed May 30, 2019); ECF No. 59 ("Amended Motion" filed Jul. 10, 2019).[1] The Original Motion consists of a cover letter and seven exhibits, but no explanatory memorandum. The Amended Motion includes a supporting memorandum and additional exhibits. Both motions are denied for reasons set forth below.

I. **CHALLENGED JUDGMENT**

The judgment in this action was entered on January 8, 2015. ECF Nos. 53 ([Original] Opinion and Order), 54 (Judgment), 55 (Corrected Opinion and Order). The basis for the judgment is set out in the [Original] Opinion and Order entered January 8, 2015, and Corrected Opinion and

---

[1] Plaintiff filed these motions *pro se*, though the docket continues to list three attorneys as responsible for his representation. These attorneys would have received notice of Plaintiff's motions and Defendant's responses. While this might have prompted them either to file replies on Plaintiff's behalf or a motion to withdraw as counsel, neither was filed. Thus, Plaintiff remains "represented," though the court gives his motion the generous construction afforded *pro se* filings.

Order entered January 9, 2015, which differs from the original only in correcting a scrivener's error in one footnote. *Compare* ECF No. 52 at n. 3 *with* ECF No. 54 at n. 3 (removing incorrect reference to an "alternate ruling"). The Corrected Opinion and Order adopted the Report and Recommendation of the Magistrate Judge (ECF No. 48) and granted summary judgment to Defendant, the City of Columbia ("the City") on Plaintiff's claims for: (1) racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1983 ("Discrimination and Retaliation Claims"); and (2) violation of the overtime provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, and South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, *et seq*. ("Wage Claims").

## II. ORIGINAL MOTION

### A. Plaintiff's Motion

Plaintiff's Original Motion consists of a cover letter and seven exhibits. Beyond an introductory sentence asking the court to consider the attached exhibits, the cover letter includes a list of the exhibits with a brief characterization or comment for some of them. Beyond the title of the motion and the words "Fraud Upon the Court" included in the description of the first two exhibits, there is little to suggest the basis for the allegation of fraud or any other ground that might support relief from judgment. The court has, nonetheless, carefully reviewed the letter and attachments which are summarized below.

**Exhibit 1.** The cover letter describes Plaintiff's first exhibit as "C/A No. 3:12-3369-CMC-PJG VOID Opinion and [O]rder January 8, 2015 Sen. US Dist. Judge Cameron McGowan

Currie[:] Fraud Upon the Court[.]" ECF No. 55 at 1. The first exhibit is the Original Opinion and Order granting the City's motion for summary judgment (ECF No. 52). ECF No. 55-1 at 1-15.[2]

**Exhibit 2.** The cover letter describes the second exhibit as a "City of Columbia Internal Email Reference: Kronos/pay Check and Reporting Time Survey showing their Pay Calculation methods to include overtime where not correct and was release[d] prior to January 8, 2015 Void Opinion and Judgment Fraud Upon the Court." ECF. No. 55 at 1. The attached exhibit ("Kronos Email") indicates the email was sent on April 9, 2014. ECF No. 55-1 at 16-26. It purports to explain how the Kronos system works, including some limitations, and asserts a related process for figuring pay will "begin to simplify the long standing confusion on how shift fire employees are paid." *Id.* at 22.

**Exhibit 3.** The third exhibit is described as the "Affidavit of Dr. Tiona Praylow Envision Wellness Medical Group: Unsound mind Statute of limitations." ECF No. 55 at 1. The attached exhibit is a letter dated April 30, 2019, "outlin[ing] the clinical imperatives warranting a full and unequivocal waiver of the statute of limitations in [Plaintiff's] claim for Post-Traumatic Stress Disorder [("PTSD")], an occupational injury incurred during his service in the City of Columbia fire battalion." ECF No. 55-1 at 28.[3] Dr. Praylow asserts Plaintiff has been under her care since

---

[2] As noted above, there is only a minor difference between the original and corrected versions of the order. That difference is of no significance here. The court, therefore, treats the motion as if directed to the January 8, 2015 Judgment and January 9, 2015 Corrected Opinion and Order.

[3] The letter is directed only to "Dear Sir or Madam[.]" ECF No. 55-1 at 28. It is "certif[ied] under penalty of perjury [as] true and correct." *Id.* at 29.

3

2013 and was "of an 'unsound mind,'" unable to file the related claim (presumably a workers compensation claim) during the time he would otherwise have been required to do so, which she identifies as running from September 15, 2015, to September 15, 2016.

**Exhibit 4.** The fourth exhibit is described as the "Affidavit Mrs. Williams Agape Counseling addressing Altered medical Opinion." ECF No. 55 at 1. The attached affidavit is dated May 14, 2019, asserts Plaintiff has been under the care of Agape Counseling and Training Services, Inc. since August 31, 2012, and opines Plaintiff suffers PTSD. ECF No. 55-1 at 32. It refers to a May 18, 2015 letter written by affiant to the Department of Veterans Affairs and later submitted by Plaintiff in support of a workers compensation claim and opines Plaintiff's preexisting PTSD was aggravated by his work for the City. *Id.*

**Exhibit 5.** The fifth exhibit is described as "5/28/2019 EEOC Charge of Discrimination #436-2019-00954[.]" ECF No. 55-1 ("EEOC Charge"). The attached exhibit names the City in the box designated for the employer or agency that allegedly discriminated against Plaintiff. ECF No. 55-1 at 34. However, subsequent text, in a section titled "Verified Complaint," directs the allegations of discrimination to the South Carolina Workers Compensation Commission ("SCWCC") as follows:

> The [SCWCC] is Unconstitutional. This is based on the [SCWCC's] and this Court's Long history & practicing racism (White Supremacy) which functions in all areas of human activity[.] . . . The decisions had disparate impacts, because despite all irrefutable evidence provided to the [SCWCC], the State of South Carolina failed to provide equal protection under the color of law, there is a history of favorable outcomes to Whites under your system of misogyny and racism (White Supremacy).").

4

*Id.* at 35 (also stating Plaintiff "has been unable to retain an Attorney/Law firm to represent him [before the SCWCC] due to Racism" and listing three workers compensation claims filed in 2013).

Following this introduction, the EEOC Charge provides a chronology of events that appears to relate primarily to Plaintiff's workers compensation claims, pursuit of disability or retirement benefits, and related medical records. *Id.* at 36-43. For example, events between January and February 2014 refer to three communications between Plaintiff and the SCWCC's third-party claims administrator and two communications between Plaintiff and his employer. The latter include one communication advising Plaintiff he is eligible for restricted duty due to a wrist injury and one addressing disability benefits under a retirement plan. *Id.* at 36, 37.

An April 9, 2014 email regarding the Kronos pay system (presumably the Kronos Email discussed above) is referenced next, along with a statement the employer provided "incorrect wage information" in connection with the "South Carolina Retirement System Final Payroll Certification." *Id.* at 37.

The next entry refers to medical records created on November 11, 2014, and March 15, 2015, indicating Plaintiff's "history and symptoms warrant a surgical decompression" of his "left ulnar nerve." *Id.* After quoting the record, the EEOC Charge characterizes several notations on the medical forms as "forged" and concludes as follows: "Plaintiff asserts these fraudulent documents and statement were sent via electronically and through the US mail and used in furtherance of the Insurance Fraud scheme to deny workers compensation disability benefits (property)." *Id.* at 38.

5

The next entry refers to this court's January 8, 2015 Opinion and Order granting summary judgment, characterizing the order as "produced by Fraud Upon the Court by The City of Columbia and their Attorney[.]". *Id.* at 38. This paragraph quotes an introductory paragraph from the order, which summarizes the nature of the City's motion and the court's ruling.

The remaining twenty-seven items in the chronology all post-date entry of judgment in this action. *Id.* at 38-43 (referring to events from March 15, 2015, through May 8, 2019). These entries refer to the following: (1) medical records relating to workers compensation claims; (2) communications between Plaintiff and the SCWCC or the City relating to workers compensation claims; (3) proceedings, motions and orders relating to workers compensation claims (and state-court appeals of SCWCC decisions); (4) Freedom of Information Act requests (apparently relating to Plaintiff's workers compensation claims), and (5) two communications addressing Plaintiff's belief his retirement benefits were calculated based on incorrect information transmitted by the City. The retirement-related communications are both dated in October 2018. *Id.* at 43.

Following this chronology, the EEOC Charge (1) asserts the SCWCC, City of Columbia, and third-party claims administrator acted in concert in making claims-related decisions and (2) purports to assert various causes of action, including for violation of "RICO," due process and equal protection. *Id.* These "causes of action" appear, primarily, to challenge handling of Plaintiff's workers compensation claims, though a generous reading might encompass retirement/disability claims. *Id.*; *see also id.* at 45-47 (proffering four comparators and describing their workers compensation claims). Ultimately, the EEOC Charge seeks "judgment against

defendants for violations of Title VII[, and the] Americans with [D]isabilities Act of 1990" and asserts the damges should be "tripled in accordance with RICO[.]"

**Exhibit 6.** The sixth exhibit is described as "TCAPONE S.C. Police Retirement Final Pay Certification, [C]ity of Columbia transmitted electronic incorrect pay information to include overtime." ECF No. 55 at 1. The attached exhibit includes a "Final Payroll Certification" with a "Date Received" of April 22, 2014. ECF No. 55-1 at 51. It also includes Plaintiff's W-2 Wage and Tax Statements for 2011-14 and what appears to be a payroll summary covering multiple pay periods in 2011 and 2012.

**Exhibit 7.** The last exhibit is described as follows on the cover letter: "City of Columbia submitted incorrect pay for Guardian long term disability and to the S.C. Workers Compensation Commission." ECF No. 55-1. The attached exhibit consists of the "Employer Section" of what is presumably a large document. ECF No. 61. It includes a workers compensation claim number and is signed on behalf of the City by the "Health and Safety Chief." *Id.*

### B. Defendant's Response

The City construes Plaintiff's motion as asserting two grounds for relief from judgment: (1) an argument Plaintiff's "overtime compensation was calculated improperly, resulting in a diminished retirement income"; and (2) an assertion Plaintiff "was mentally unfit to understand and to participate in the exercise of his legal rights." ECF No. 56 at 1. The City argues the motion is untimely because brought more than one year after entry of judgment and fails in any event

because "[n]either Plaintiff's allegations of a miscalculation of overtime nor his mental capacity at the time of the underlying action can support relief" for "fraud on the court." *Id.*[4]

C. **Standard**

Rule 60 of the Federal Rules of Civil Procedure provides as follows: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" if one of several grounds for relief is established. Fed. R. Civ. P. 60(b). One ground is for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by the opposing party." Fed. R. Civ. P. 60(b)(3). "A motion under Fed. R. Civ. P. 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).[5]

---

[4] Plaintiff did not file a reply.

[5] The Fourth Circuit recognizes an exception to the one-year limit for "fraud on the court," which is fraud that impairs "the integrity of the court and its ability to function impartially." *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 137 (4th Cir. 2014) ("not only must fraud on the court involve an intentional plot to deceive the judiciary, but it must also touch on the public interest in a way that fraud between individual parties generally does not."). While Plaintiff uses the term "fraud on the court," he does not suggest any facts that might bring this doctrine into play. Rather, to the extent he suggests any fraud at all, it appears to be a possible misrepresentation in or nondisclosure of the Kronos Email. Even reaching this conclusion requires a level of speculation as to the basis of Plaintiff's fraud claim as explained below.

### D. Discussion

#### 1. Timeliness

The challenged judgment was entered on January 8, 2015. The motion to set aside or vacate judgment was not filed until May 30, 2019, more than four years after entry of judgment. Thus, the motion was filed beyond the one-year maximum limit applicable to motions seeking relief for the reasons addressed in Federal Rule of Civil Procedure 60(b)(1)-(3) and, consequently, is barred unless it falls under some other subpart of Rule 60(b).

Given the multiple exhibits attached and repeated references to "Fraud on the Court, Plaintiff is either relying on the exception to the one-year limit addressed in *Fox ex rel. Fox*, or Rule 60(b)(3), which allow relief for "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The exception in *Fox ex rel. Fox,* does not apply because nothing in the cover letter or exhibits suggests "an intentional plot to deceive the judiciary" or actions "touch[ing] on the public interest in a way that fraud between individual parties generally does not." *See Fox ex rel. Fox*, 739 F.3d at 137. This leaves the possible argument one or more of the exhibits should be considered post-judgment for reasons covered by Rule 60(b)(3). The motion is necessarily untimely to the extent it relies on this subpart of Rule 60 due to the one-year time limit. Nothing in Plaintiff's cover letter or exhibits suggest any other subpart of Rule 60 applies, though

the motion would be time barred if construed to rely on subparts (1) or (2).[6] The motion is, therefore, denied as untimely.

## 2. Merits

Even if timely, the Original Motion would fail on the merits. Review of the cover letter reveals four repetitions of the phrase "Fraud Upon the Court." The first two repetitions are found in the motion's title and a later reference to the title. The remaining two repetitions follow descriptions of the first two exhibits: (1) this court's Opinion and Order granting summary judgment to the City on Plaintiff's Discrimination, Retaliation, and Wage Claims; and (2) the April 2014 Kronos Email.

Plaintiff does not explain what actions he believes constitute fraud, what aspects of the order are invalid for fraud, or when he learned of any alleged fraud. Nonetheless, giving Plaintiff the benefit of the doubt, the court will assume Plaintiff believes there was some fraud relating to his Wage Claims that is evidenced by the Kronos Email (either because the email was withheld and would have revealed an error in overtime pay or that it was revealed and includes a false statement relating to how pay was calculated at a time relevant to Plaintiff's Wage Claims).[7] Even

---

[6] In contrast, the Amended Motion asserts the judgment is void for lack of jurisdiction, which is a ground not subject to the one-year limit. *See* Fed. R. Civ. P. 60(b)(4).

[7] Nothing in the motion even hints at fraud relating to Plaintiff's Discrimination and Retaliation claims.

given this benefit, the record fails to suggest what the alleged fraud might be.[8]  Certainly it offers nothing that establishes fraud occurred, much less that it warrants relief from an over-four-year-old judgment

Neither do the attached letter and affidavit from mental health providers support relief from judgment.  The two documents at issue indicate Plaintiff was receiving care from counselors or mental health providers for stress, anxiety, and PTSD before judgment was entered.  Plaintiff was obviously aware of his own treatment, so clearly cannot argue these documents support a finding of fraud on the court.  Nothing in the cover letter or exhibits themselves suggest any other basis for relief from judgment.[9]

The remainder of Plaintiff's exhibits appear to relate to his claims for workers compensation and disability/retirement benefits.  These claims were not addressed in this action.[10]  Thus, even if there is some defect in or relating to those proceedings, they do not suggest a ground for finding the judgment in this action was obtained by fraud.  It follows that Plaintiff has failed to

---

[8]  The January 8, 2015 Opinion and Order in this action and the Kronos Email are also referenced in Exhibit 5 (EEOC Charge).  However, nothing in these references or elsewhere in the EEOC Charge sheds light on Plaintiff's claim of fraud on this court.

[9]  One of the two documents asserts Plaintiff was "of 'unsound mind' [and] unable to exercise the imperative procedures" necessary *to file a workers compensation claim* from September 15, 2015, through September 15, 2016."  ECF No. 55-1 at 28.  The referenced period begins over eight months after judgment was entered in this action.  Thus, even if mental disability was a ground for relief from judgment (and there is no suggestion that it is, particularly where the party is represented by counsel), the exhibit would not support relief.

[10]  Many of the referenced events did not even occur until after judgment was entered in this action.

establish any basis for relief from judgment. The Original Motion is, therefore, denied on the merits.

**III.  AMENDED MOTON**

    **A.  Plaintiff's Motion**

Unlike the Original Motion, the Amended Motion includes both a motion and a memorandum. ECF No. 59, 59-1. In addition, it attaches twenty-two exhibits. ECF Nos. 59-5, 59-6. These exhibits overlap with those filed in support of the Original Motion. Additional exhibits not previously offered include but are not limited to the following:

- a July 28, 2014 email titled "Bullets from Friday's Chief meeting" which includes the statement "August 2nd, BNCs become non-exempt. Eligible for overtime same as captains." Ex. 2 (ECF No. 59-5 at 17, 18);

- an April 10, 2019 letter signed and sworn by Plaintiff's wife addressing Plaintiff's mental state and history of disability determinations (Ex. 6, ECF No. 59-5 at 38-43);

- a September 12, 2016 Social Security Administration disability determination, finding Plaintiff disabled due to physical and mental impairments (Ex. 7, ECF No. 59-5 at 45-55)

- medical records from March and April 2019 (Ex. 8, ECF No. 59-5 at 5761);

- a March 11, 2019 Veterans Administration decision finding Plaintiff eligible for benefits based on a determination he was insane at the time of his dishonorable discharge in April 1997 (Ex. 9, 2019); and

- a June 4, 2019 Equal Employment Opportunity Commission Dismissal and Notice of Rights, relating to Plaintiff's May 28, 2019 charge of discrimination.[11]

In the Amended Motion, Plaintiff states he "received additional evidence" on June 9, 2019, which he provided to Defendant on June 10, 2019. ECF No. 59 at 1 (citing Exhibit No. 2, the June 28, 2014 email listed above). Plaintiff asserts Defendant is not prejudiced by the June 10, 2019 disclosure of this exhibit because, through Defendant's June 11, 2019 response to Plaintiff's Original Motion, Defendant "continue[s] to commit Fraud Upon the Court." *Id.* at 2. Plaintiff does not indicate when or how he first obtained this exhibit.

The motion states Plaintiff is seeking relief under multiple subparts of Rule 60. *Id.* (listing all subparts other than (b)(2). Plaintiff also relies on 5 U.S.C. §§ 701-08, the Administrative Procedures Act, and quotes the standards for review of agency action (§ 706), though no such claim is asserted in this action.

In his attached memorandum, Plaintiff summarizes his complaint, referring to both his allegations of discrimination and claim for non-payment of overtime. ECF No. 59-1 at 1-3. He asserts the prior judgment "is void, lack of Jurisdiction, Fraudulent Concealment, Violated constitutional Protections and other violations of law and tolling of statute of limitations and because it was procured through Fraud on the Court." *Id.* at 3.[12]

**B.     Defendant's Response**

---

[11] Plaintiff's underlying charge of discrimination was filed as Exhibit 5 to his Original Motion.

[12] Plaintiff's specific arguments are addressed in more detail below. *Infra* § III.D.

Defendant's response notes Plaintiff's added arguments challenge jurisdiction, despite his status as Plaintiff and assertion of various federal claims. ECF No. 60 at 1. It characterizes Plaintiff's allegations that his own attorneys conspired with Defendant and defense counsel as outrageous and unsupported and asserts Defendant has no record of the alleged settled claim. *Id.* Defendant also addresses the substance of Plaintiff's underlying claim for overtime, noting errors in his interpretation of the law. *Id.* at 1, 2.

**C.    Timeliness**

Plaintiff filed his Amended Motion on July 10, 2019, nearly a month after Defendant responded to the original motion and, consequently, nearly three weeks after Plaintiff's deadline to file a reply in support of the Original Motion. *See* ECF No. 56 (response filed June 11, 2019). Thus, to the extent the Amended Motion is, in essence, a reply in support of the Original Motion, it is untimely and need not be considered. The motion is appropriately so characterized as it both addresses Defendant's June 11, 2019 response (*see* ECF No. 59-1 at 3 characterizing that response as fraud on the court) and raises additional arguments that would have been known to Plaintiff on or before the date his reply was due. Plaintiff suggests no basis for allowing this belated reply.

Even if treated as an independent motion raising additional grounds, the motion is barred as untimely. To the extent the motion relies on Rule 60(b)(1) and (b)(3), it is barred by the one-year time limit for reasons explained above as to the Original Motion.[13] To the extent the motion

---

[13] Plaintiff does not rely on Rule 60(b)(2), which is subject to the same limit.

relies on subparts (b)(4)-(6) the motion is not subject to the one-year bar but must still be brought within a reasonable time. The only possible justification for the delay suggested is Plaintiff's mental disability. However, Plaintiff offers no authority for the premise such a disability applies to Rule 60, especially where the party seeking relief was represented by counsel throughout the proceeding and those attorneys remain of record. In any event, Plaintiff fails to demonstrate his disability prevented him from filing what he has now filed within the first year following entry of judgment. Thus, at least to the extent he relies on Rule 60(b)(1) or (3), the Amended Motion is time-barred.

Plaintiff also relies on subparts of Rule 60 (subparts (4)-(6)) that may not be subject to the one-year limit. Most critically, he argues the judgment is void. For reasons explained below, his exhibits and argument fail to suggest grounds for relief under these subsections. Plaintiff's invocation of these sections does not, therefore, resolve the timeliness concerns.

**D. Merits**

**Lack of jurisdiction and constitutional errors.** Plaintiff's first "legal argument" is titled "Lack of Jurisdiction/Violations of Constitutional Protections: Judgment Is Void. Time Limitations Are Not Applicable." ECF No. 59-1 at 8 (capitalization modified). Plaintiff first argues this court's order of January 8, 2015 "is Void, once the [sic] it is determined that the Court exceeded either its in personam jurisdiction or its subject matter jurisdiction." *Id.* at 9. Plaintiff offers no explanation for why this court lacked either type of jurisdiction. In any event, such an argument would fail as, having brought the action here, Plaintiff cannot complain about a lack of

in personam jurisdiction. Neither is there any basis to question this court's subject matter jurisdiction given Plaintiff's assertion of federal law claims.

Plaintiff also argues the judgment is void for violation of due process. ECF No. 59-1 at 10, 11. His argument on this point is as follows:

> As in the present case the judgment is Void, constituted a loss of Subject Matter Jurisdiction and defect thereof, the Plaintiff Capone Due process, Procedural and Substantive Due process and Equal protection under the law in regards to his Life, Liberty and Property/property interest where violated, constituting an illegal taking by this Court no opportunity to be heard, when as in this court, federal judges misapply the summary judgment standard in employment discrimination cases by weighing the evidence and failing to construe the evidence in the light most favorable to the movant.

ECF No. 59-1 at 12. While not entirely clear, the central concern suggested by this argument appears to be the court misapplied the summary judgment standard. Such an error is not a basis for relief under Rule 60.

**Fraud on the court.** Plaintiff's second argument is the judgment is void because it was procured by fraud on the court. ECF NO. 59-1 at 13-17. Plaintiff first argues Defendant committed fraud on the court in its response to the Original Motion by denying any earlier fraud on the court. *Id.* at 14. Even if true, this could not support a Rule 60 motion as it occurred after entry of judgment.

Plaintiff also argues Defendant and its attorneys committed fraud by failing to notify the court Defendant was not following "Fair Labor Standards Act guidelines" for overtime compensation. *Id.* at 13. This was a disputed issue of fact and law in the case on which the court ruled for Defendant. That Plaintiff disagrees with the ruling does not suggest fraud on the court.

16

Plaintiff also maintains Defendant committed fraud on the court by failing to advise the court Defendant had disabled Plaintiff's employee email in December 2013 and, by disabling Plaintiff's email, denied him access to communications relating to overtime and other employment topics. He identifies two such communications: (1) the Kronos Email addressed in the Original Motion; and (2) a July 28, 2014 email addressing an August 2, 2014 change that made "BNCs . . . [e]ligible for overtime same as captains." *Id.* at 15, 16 (also noting Plaintiff proffered his letter or resignation to accept disability retirement on March 28, 2014). Finally, Plaintiff alleges Defendant and its attorneys, as well as Plaintiff's own attorney's failed to advise him of the settlement of an overtime claim by a Caucasian firefighter, Blake Harlin.

As Plaintiff would have been aware his email was disabled, the disabling itself could not constitute even simple misrepresentation or fraud, much less fraud on the court. The allegation relating to the Kronos Email does not support a finding of fraud on the court for reasons addressed above as to the Original Motion. The email addressing a change that occurred *after* Plaintiff resigned to accept disability retirement may not even have been relevant to the case. In any event, as with the Kronos Email, Plaintiff at best hints at a failure of disclosure in the discovery process, not action that would constitute fraud on the court. Finally, as to the claimed settlement, Plaintiff

fails to proffer sufficient detail or argument to explain why failure to disclose settlement of another employee's claim to overtime supports a finding of fraud on the court.[14]

**Non-disclosure as fraud on the court.** Plaintiff's third argument, that non-disclosure of evidence in discovery constitutes fraud on the court, overlaps with his second argument. ECF No. 59-1 at 17. This argument relies on *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1131 (9th Cir. 1995), which held non-disclosure of a video that showed a gun misfiring amounted to fraud on the court *where counsel relied, at trial, on a video that showed the gun did not misfire under the same circumstances*. Later decisions in the same circuit limit the reach of *Pumphrey*. For example, in *United States v. Estate of Stonehill*, 660 F.3d 415 (9th Cir. 2011), the court held:

> In order to show fraud on the court, [litigants] must demonstrate, by clear and convincing evidence, an effort by the [opposing party] to prevent the judicial process from functioning "in the usual manner." They must show more than perjury or nondisclosure of evidence, unless that perjury or nondisclosure was so fundamental that it undermined the workings of the adversary process itself.

*Id.* at 445.

---

[14] Settlement of FLSA claims normally requires approval of either the Department of Labor or court. *See generally Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). For purposes of this order, the court assumes without deciding that this requirement supports a legitimate third-party interest in information relating to such settlements (as opposed to simply protecting the settling worker). Even with this assumption, Plaintiff's argument fails because his argument presupposes that his own attorneys were aware of the settlement. Given this knowledge, Defendant's alleged non-disclosure could not have amounted to fraud on the court. Plaintiff has not, in any event, pointed to evidence there was such a settlement, a premise Defendant denies. A search of court records reveals no litigation by Blake Harlin.

Here, Plaintiff points to the existence of one or two emails that *may* have some relevance to his overtime claim and *may* have been requested but not disclosed in discovery (while he was represented by counsel). He does not expressly allege much less point to any evidence the documents were actually requested and not disclosed, much less that the circumstances surrounding the non-disclosure support an inference of fraud on the court. Thus, as with his Original Motion, the Amended Motion fails to suggest any basis for a finding of fraud on the court.

**Other Arguments.** Plaintiff's other arguments are largely repetitive of those addressed above and, in any event, fail to support relief under Rule 60. For example, in his fourth argument, Plaintiff asserts Defendant committed fraud on the court and retaliated against him by disabling his employee email account in December 2013 and denying him access to documents stored in that account. *Id.* at 18, 19. He also quotes his own contemporaneous email complaining of the denial of access, demonstrating he was aware of the denial of access at the time. *Id.* at 19.

Plaintiff also includes an argument for "equitable tolling of the statute of limitations." This argument, which cites various provisions of the federal and state constitutions, appears to relate to his claim before the South Carolina Workers Compensation Commission. *Id.* at 20-22. It does not suggest any basis for relief under Rule 60 regarding the claims asserted in this action.

Plaintiff's related argument that the statute of limitations should be tolled because he is suffering a mental disability also appears to be directed to his workers compensation claim. *Id.* at 21-26.

Plaintiff's last argument is that he received "ineffective assistance of counsel." *Id.* at 26, 27. This argument rests on his attorney's alleged participation in a secret settlement of a claim on

behalf of firefighter Blake Harlin. Relief for ineffective assistance of counsel derives from a criminal defendant's Sixth Amendment right to counsel and, consequently, is available only with respect to criminal proceedings. *See generally Strickland v. Washington*, 466 U.S. 668, 688 (1984). Rule 60 provides no similar ground for relief.

## CONCLUSION

For the reasons set forth above, both Plaintiff's Original Motion and Amended Motions are denied.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
September 3, 2019